UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON L. SANDERS,

        Plaintiff,                Case No. 1:22-cv-362

v.                                         Honorable Phillip J. Green

JAIMIE CHAPMAN, et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 7.) This case is presently before the Court on Plaintiff's request to proceed *in forma pauperis*.

      Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other

authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g., Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain

2

a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] This fee must be paid within 28 days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.*

a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal

4

protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In three of Plaintiff's previous lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Sanders v. Washington*, No. 1:21-cv-1091 (W.D. Mich. Jan. 27, 2022); *Sanders v. Washington*, No. 1:21-cv-510 (W.D. Mich. Feb. 25, 2022); *Sanders v. Washington*, No. 1:21-cv-54 (W.D. Mich. Mar. 19, 2021).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational

5

or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff's complaint asserts that after he complained about nursing staff, he was harassed and received a false misconduct ticket. In Plaintiff's affidavit filed in support of his complaint, he makes vague unspecified assertions that non-defendant officers threatened his life in response to this lawsuit. The Court notes that such conclusory allegations are insufficient to support a claim of imminent danger.

Moreover, Plaintiff's conclusory allegations regarding threats are not remediable based on the allegations in his complaint. There exists no nexus between the imminent danger and ***Defendants'*** illegal conduct. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (seminal case, holding that there be some nexus between the imminent danger alleged by the prisoner and the legal claims asserted in his complaint); *Andrews v. Cervantes*, 493 F.3d 1047, 1053–54 (9th Cir. 2007); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (holding that a prisoner does not meet the imminent-danger exception when he is no longer facing risk from the defendants he sues, because he

6

has since been transferred to a different prison); *see also Pinson v. U.S. Dep't of Justice*, 964 F.3d 65, 71 (D.C. Cir. 2020) (holding that a nexus between the alleged imminent danger and the claims raised is required to avoid the conclusion that, at the same time it established the three-strikes rule, Congress intended to "'engraft[] an open-ended exception that would eviscerate the rule'") (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (2d Cir. 2001)); *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 94–95 (4th Cir. 2020) (citing *Pettus*, *inter alia*, and holding that "the better reading of the Imminent Danger Provision is that it requires a relationship between the imminent danger alleged in the IFP application and the facts alleged and relief sought in the underlying claim"); *Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (citing *Pettus*).

Although the Sixth Circuit has not yet specifically addressed whether the imminent-danger exception requires a nexus between the danger and the allegations of the complaint, *see Vandiver*, 727 F.3d at 588 (declining to reach issue), this Court concurs with the uniform opinion of all seven circuits that have addressed the issue: some nexus between the imminent danger and the claims raised is required in order to protect the meaning of the entire provision. This nexus requirement is not the result of a judicially created element imposed upon the language of the statute. Instead, as the *Pettus* court recognized, a reading of the statute that incorporates a nexus rule flows from the fundamental rule of statutory construction requiring that a statute be read as a whole. 554 F.3d at 297. That rule of construction has been regularly repeated by the Supreme Court:

7

> The meaning—or ambiguity—of certain words or phrases may only become evident when placed in context. . . . It is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."

*FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132–33 (2000) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)), *quoted in Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 666 (2007); *see also Clark v. Rameker*, 573 U.S. 122, 131 (2014) (citing *Corley v. United States*, 556 U.S. 303, 314 (2009)).

An equally fundamental canon of statutory interpretation is that exceptions to a general rule must be read narrowly. *See Comm'r of Internal Revenue v. Clark*, 489 U.S. 726, 739 (1989) ("In construing provisions . . . in which a general statement of policy is qualified by an exception, we usually read the exception narrowly in order to preserve the primary operation of the provision."). And from this last canon arises the related principle that exceptions must not be interpreted so broadly as to swallow the rule. *See Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 530 (2009) (rejecting an interpretation of a statutory exception that "would swallow the rule").

As applied to § 1915(g), the imminent-danger exception must be read in light of the strong general thrust of the PLRA, which was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton*, 106 F.3d at 1286. In addition, § 1915(g) itself states that "*[i]n no event* shall a prisoner bring a civil action or appeal . . ." if he has three strikes, unless his complaint alleges facts that fall within the narrow exception in issue. 28 U.S.C. § 1915(g) (emphasis added); *Pettus*, 554 U.S. at 297. Interpreting the statute without some link between

8

the imminent danger alleged and the redress sought would cause the exception to swallow the rule, permitting a prisoner to file as many lawsuits as he wishes on any subject— as long as he can state that he is in imminent danger from something, even if that something is unrelated to his claims and unrelated to the named defendants. *See Pettus*, 554 F.3d at 297; *Pinson*, 964 F.3d at 71. Such a reading of the statute would be inconsistent with the general rule of statutory construction, which requires that exceptions to a rule be read narrowly, so as not to undermine the general rule. *Clark*, 489 U.S. at 739; 2A Norman J. Singer, *Statutes and Statutory Construction*, § 47.11 at 246–47 (6th ed. 2000) ("[W]here a general provision in a statute has certain limited exceptions, all doubts should be resolved in favor of the general provision rather than exceptions.").

Because Plaintiff's allegations in this action concerning the ostensibly imminent danger he faces are incapable of redress in the instant case against the named Defendants, Plaintiff cannot demonstrate the requisite nexus. Allowing Plaintiff to proceed *in forma pauperis* based on allegations of unrelated imminent danger would permit the exception to § 1915(g) to swallow the rule.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has 28 days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be

dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:   June 13, 2022              /s/ Phillip J. Green
                                                               PHILLIP J. GREEN
                                                               United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503
**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**